IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JARYEE, : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 1:CV-14-0676 |
| v. : | |
| : | (Judge Caldwell) |
| THE DISTRICT DIRECTOR FOR : | |
| IMMIGRATION CUSTOM : | |
| ENFORCEMENT, *ET AL.*, : | |
| : | |
| Respondents : | |

*M E M O R A N D U M*

I.   *Introduction*

On April 6, 2014, pro se petitioner, Jerome Jaryee, a detainee of the Bureau of Immigration and Customs Enforcement (ICE), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Under *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), Jaryee challenges his continued detention by ICE pending his removal from the United States.  As relief, Jaryee seeks to be released on bond pending his removal.  (Doc. 1, Pet.)(Doc. 1, Pet.)

Because it appears from a review of the Petition, and Respondent's response that Jaryee is not entitled to relief at this time, the petition will be denied, but without prejudice to filing another one if circumstances change and Petitioner can show that he is entitled to relief under *Zadvydas.*

II.   *Background*

Jaryee is a native and citizen of Liberia, currently being detained at the York

County Prison, in York Pennsylvania.  (Doc. 1, Pet.)  He entered the United States on June 7, 2004, as a lawful permanent resident.  (Doc. 7-1, Resp. Ex. 6., ECF p. 46).

In 2012, Jaryee was convicted of three separate drug offenses.  (*Id.*)  On October 24, 2012, ICE officials served Jaryee with a Notice to Appear charging him as removable from the United States pursuant to Sections 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) for a conviction of an aggravated felony involving a drug-trafficking offense; and pursuant to § 237(a)(2)(B)(I) for a conviction relating to a controlled substance other than a single offense involving possession for one's own use of thirty grams or less of marijuana.  (*Id.*, Ex. 2, ECF pp. 5-7).

On May 31, 2013, an immigration judge ordered Jaryee removed from the United States.  (*Id.*, Ex. 4, ECF p. 42).  In the same order, the immigration judge denied Jaryee's application for asylum, withholding of removal, and deferral of removal.  (*Id.*)  On October 18, 2013, the Board of Immigration Appeals dismissed Jaryee's appeal.  (*Id.*, Ex. 5, ECF pp. 43 - 45.  On October 18, 2013, Jaryee's order of removal became final.  (*Id.*, Ex. 6, ECF p. 47).

Jaryee entered ICE custody on December 24, 2013.  (*Id.*)  On March 21, 2014, at the conclusion of ninety days' detention, ICE officials issued a decision to continue Jaryee's detention on the basis that his criminal history demonstrates he is a danger to the community.  ICE officials also noted that "it appears likely that a travel document will be issued in the near future."  (*Id.,* ECF p. 47).  Jaryee was also advised that "[i]f you have not been released or removed from the United States by June 22, 2014, jurisdiction of the custody decision in [his] case will be transferred to the Headquarters Post Order Custody Review Unit" in Washington, D.C.  (*Id.*)

III.  *Discussion*

The detention, release, and removal of aliens subject to a final order of removal is governed by the provisions of 8 U.S.C. § 1231.  Pursuant to § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal becomes administratively final.  *See also Rodney v. Mukasey*, 340 F. App'x. 761, 764 (3d Cir. 2009).  During this ninety-day period, which is referred to in immigration terms as "the removal period," detention of the alien is mandatory.  *See* 8 U.S.C. § 1231(a)(2).  At the conclusion of the ninety-day period, if the alien has not been removed and still remains in the United States, his post-removal-period detention may be continued only as long as "reasonably necessary" to effectuate his removal from the United States.  *Zadvydas*, 533 U.S. at 689, 121 S.Ct. 2498.  Alternatively, he may be released under the supervision of the Attorney General.  *See* 8 U.S.C. §§1231(a)(3) and (6).

The Supreme Court in *Zadvydas*, *supra,* held that the presumptively reasonable post-removal-detention period of an alien pursuant to 8 U.S.C. § 1231(a)(6) is six months.  *Zadvydas*, 533 U.S. at 701, 121. S.Ct. at 2505.  Detention past this period "does not mean that every alien not removed must be released."  *Id.*  If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing."  (*Id.*)

Here, Jaryee's order of removal became final on October 18, 2013.  Jaryee first entered ICE custody on December 24, 2013.  His habeas petition was mailed April 6, 2014. Accordingly, his post-removal-detention period is "presumptively reasonable"

because he has not yet been held by ICE for longer than six months.  *See Zadvydas*, 533 U.S. at 701, 121 S.Ct. at 2505; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002)("this six-month period thus must have expired at the time [petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas.").*  The six-month mark will arrive on or about June 25, 2014.  A petition filed before the expiration date of the presumptively reasonable six months of detention is properly dismissed as premature.  *Id.*  As the petition is premature, there is no need for the court to examine whether Petitioner has established "that there is no significant likelihood of [his] removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701, 121. S.Ct. at 2505.

        For the reasons set forth above, Petitioner's § 2241 petition will be denied, but without prejudice to filing another one if circumstances change and Petitioner can show that he is entitled to relief under *Zadvydas*.

        An appropriate order follows.

        /s/ William W. Caldwell  
        William W. Caldwell  
        United States District Judge

Date: May 20, 2014